## Richmond

THEODORE A. BOYCE v. MARYLAND CASUALTY COMPANY, ETC.

April 24, 1972.

Record No. 7695.

Present, All the Justices.

*Theodore A. Boyce* (*Boyce and Spanoulis*, on brief), for plaintiff in error.

*David K. Sutelan* (*Breeden, Howard & MacMillan*, on brief), for defendant in error.

Per Curiam.

Theodore A. Boyce, an attorney, has appealed the judgment of the trial court holding him liable as principal upon a bond in which Maryland Casualty Company was surety and First and Merchants National Bank was obligee. The bond was given to perfect an appeal from a judgment obtained in the Civil Justice Court of the city of Norfolk by the bank against Barbara J. Gibbs, a client of Boyce's law firm.

On appeal to the circuit court, judgment was again entered against Barbara J. Gibbs, and upon demand of the bank, Maryland Casualty paid the judgment. Maryland Casualty then served notice upon Boyce that it would move the court for judgment against him as principal on the bond. Code § 49-27. The court entered the judgment as requested, and Boyce obtained this writ of error.

The bond was received in the trial court from the Civil Justice Court bearing the certificate of the civil justice stating that it had been executed in his presence and that the surety had been approved by him. As received, the bond was executed as follows:

"Theodore A. Boyce principal
[s]  Theodore A. Boyce (SEAL)
     Maryland Casualty Company [Corporate Seal]
[s]  By Antonio Cehayas
     Attorney in fact."

Boyce sought to introduce evidence to show that he executed the bond as follows:

"Theodore A. Boyce atty. for
 Barbara J. Gibbs
[s]  Theodore A. Boyce (SEAL)"

but that after he had affixed his signature and without his knowledge or consent, lines were drawn through the words "atty. for Barbara J. Gibbs" and the word "principal" was added by the civil justice. The trial court refused to admit the evidence and ruled that "in the absence of fraud or collusion" it would not "go behind this particular bond as it came over from Civil Court."

On appeal, Boyce assigns a number of grounds for reversal of the judgment of the trial court, any one of which, he says, is sufficient for reversal. His prayer is that we reverse and enter final judgment declaring him not liable on the bond as principal. In effect, he asks us to hold that the trial court should have gone "behind" the bond and determined that his liability was different from what was shown on the face of the bond as it was received from the Civil Justice Court.

But we cannot make such a holding upon the record Boyce has brought us. He gave the trial court no legal basis to controvert the face of the bond as received from the Civil Justice Court. Indeed, it is difficult to tell just what was his position in the trial court. On the one hand, he proffered evidence to show that he had executed the bond in a representative capacity only, which would have meant going "behind the bond," and, on the other, he specifically stated that he was "not asking the Court to look behind the bond." At one point, he said that "the contractual relationship is not as stated in

the bond" and, at another, he stated that his "objection [did] not arise under this bond." So he appeared to take inconsistent positions or, at least, to take a position and then abandon it.

One thing is clear. The grounds Boyce now advances for looking "behind the bond" were never asserted in the trial court. Therefore, even if we assume, without deciding, that these grounds are meritorious, Boyce cannot now rely upon them.

*Affirmed.*